J-A11024-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :          PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| ERIC JAMES ORNER | : |
| | : |
| Appellant | : No. 1086 MDA 2025 |

Appeal from the PCRA Order Entered July 15, 2025
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000404-2021

BEFORE:  BECK, J., NEUMAN, J., and BENDER, P.J.E.

MEMORANDUM BY NEUMAN, J.:                    **FILED: JUNE 5, 2026**

Appellant, Eric James Orner, appeals from the post-conviction court's July 15, 2025 order dismissing his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court set forth a detailed summary of the pertinent facts and procedural history of Appellant's case, which we adopt herein.  ***See*** PCRA Court Opinion and Order (PCOO), 7/15/25, at 1-3.  Briefly, on May 23, 2022, Appellant entered a negotiated guilty plea to involuntary deviate sexual intercourse (18 Pa.C.S. § 3123), corruption of minors (18 Pa.C.S. § 6301), and statutory sexual assault (18 Pa.C.S. § 3122.1(b)).  Pursuant to the plea agreement, the court sentenced Appellant on July 24, 2023, to an aggregate term of 8 to 16 years' incarceration.  Appellant did not file any post-sentence motions or a direct appeal.

Instead, on February 5, 2024, Appellant filed a timely, counseled PCRA petition. Therein, he argued his plea counsel, Kyle Rude, Esq., acted ineffectively in various regards, including by advising Appellant to reject a plea offer of 4 to 8 years' incarceration because counsel assumed the victim would not show up to testify at trial. *See* PCRA Petition, 2/5/24, at 4. An evidentiary hearing was conducted on August 13, 2024, at which Attorney Rude and Appellant both testified. After the hearing, the court permitted the parties to file briefs. On July 15, 2025, the PCRA court issued an order and opinion denying Appellant's petition.

Appellant filed a timely notice of appeal, and he and the court complied with Pa.R.A.P. 1925.[1] Herein, Appellant states two issues for our review:

1. Whether the PCRA court erred in failing to find that trial counsel improperly advised [Appellant] during plea negotiations with regard to whether to accept or reject the initial plea offer?

2. Whether the PCRA court erred in failing to find that trial counsel's actions and/or inactions caused prejudice to [Appellant]?

Appellant's Brief at 3 (unnecessarily capitalization omitted).

Appellant's two issues are related and will be addressed together. Initially, we note "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa. 1997)

---

[1] The PCRA court filed an opinion stating it was relying on its opinion and order filed on July 15, 2025. *See* PCRA Court Opinion, 9/25/25, at 1 (single page).

(citing **Commonwealth v. Travaglia**, 661 A.2d 352, 356 n.4 (Pa. 1995)).

Where, as here, a petitioner claims he or she received ineffective assistance

of counsel, our Supreme Court has directed that the following standards apply:

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [**Commonwealth v.**] **Colavita**, … 993 A.2d [874,] 886 [(Pa. 2010)] (citing **Strickland** [**v. Washington**, 466 U.S. 668 ... (1984)]). In Pennsylvania, we have refined the **Strickland** performance and prejudice test into a three-part inquiry. **See** [**Commonwealth v.**] **Pierce**, [527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. **Commonwealth v. Ali**, … 10 A.3d 282, 291 (Pa. 2010). "If a petitioner fails to prove any of these prongs, his claim fails." **Commonwealth v. Simpson**, … 66 A.3d 253, 260 ([Pa.] 2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. **See Ali**, **supra**. Where matters of strategy and tactics are concerned, "a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Colavita**, … 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." **Commonwealth v. King**, … 57 A.3d 607, 613 ([Pa.] 2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" **Ali**, … 10 A.3d at 291 (quoting

> ***Commonwealth v. Collins***, … 957 A.2d 237, 244 ([Pa.] 2008)
> (citing ***Strickland***, 466 U.S. at 694…)).

***Commonwealth v. Spotz***, 84 A.3d 294, 311-12 (Pa. 2014).

> Additionally,

> a post-conviction petitioner seeking relief on the basis that
> ineffective assistance of counsel caused him or her to reject a
> guilty plea must demonstrate the following circumstance:

>> [B]ut for the ineffective advice of counsel there is a
>> reasonable probability that the plea offer would have been
>> presented to the court (*i.e.*, that the defendant would have
>> accepted the plea and the prosecution would not have
>> withdrawn it in light of intervening circumstances), that the
>> court would have accepted its terms, and that the conviction
>> or sentence, or both, under the offer's terms would have
>> been less severe than under the judgment and sentence
>> that in fact were imposed.

***Commonwealth v. Steckley***, 128 A.3d 826, 832 (Pa. Super. 2015) (quoting

***Lafler v. Cooper***, 566 U.S. 156, 164 (2012)).

Here, Appellant contends Attorney Rude ineffectively advised him the

victim in this case would likely not testify, and "if the victim did not testify,

[Appellant] should go to trial as without her testimony there was no case."

Appellant's Brief at 10. Based on counsel's advice, Appellant rejected two plea

offers from the Commonwealth in November of 2021: the first offer was for 5

to 10 years' incarceration, and the second offer was for 4 to 8 years'

incarceration.[2] However, in May of 2022, the victim appeared to testify at a

_____

[2] There are discrepancies in the record, briefs of the parties, and the PCRA
court's opinion regarding whether the first plea offer was for 5 to 10 years, or
5 to 15 years. ***See*** N.T., 8/13/24, at 15 (the Commonwealth's indicating the
original offer was 5 to 15 years); ***id.*** at 16 (Attorney Rude's reading emails
stating the offer was 5 to 10 years); ***id.*** at 30 (Appellant's testifying the initial
*(Footnote Continued Next Page)*

pretrial hearing. At that point, the Commonwealth made another plea offer, but it was for an increased sentence of 8 to 16 years' incarceration. Appellant alleges he asked Attorney Rude "whether the original offer of 5 to 10 was on the table[,]" *id.* at 12, but counsel advised him the Commonwealth said Appellant "should have accepted the [offer of] 4 to 8." *Id.* at 11. Ultimately, Appellant chose to accept the plea offer of 8 to 16 years' incarceration, rather than proceed to trial. He now avers Attorney Rude's advice not to accept the Commonwealth's offer of 4 to 8 years' incarceration was unreasonable, as it was based solely on counsel's incorrect "belief that the victim would never appear to testify at trial." *Id.* at 7. Appellant further insists he was prejudiced by counsel's ineffectiveness because, had Appellant "received proper advice, he would have accepted" the plea offer of 4 to 8 years' incarceration. *Id.*

In assessing Appellant's arguments, we have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have examined the well-reasoned opinion filed on July 15, 2025, by the Honorable Nancy L. Butts, President Judge of the Court of Common Pleas of Lycoming

---

offer was 5 to 10 years); Appellant's Brief at 11 (stating the original plea offer was 5 to 10 years); Commonwealth's Brief at 4 n.1 (stating the original offer was 5 to 15 years); PCOO at 7 (stating the first offer was 5 to 10 years). Similarly, it is unclear whether the second plea offer was for 4 to 8 years, or 4 to 10 years. *See* N.T. at 17 (Attorney Rude's stating the offer was 4 to 10 years); *id.* at 18 (the Commonwealth's stating the offer was 4 to 10 years); Appellant's Brief at 11 (stating the second offer was 4 to 8 years); PCOO at 5 (stating the second offer was 4 to 8 years). We need not resolve these discrepancies, as the specifics of the first two plea offers is not dispositive of the issues Appellant raises on appeal. We will consider each of the plea offers as being the lower of the two options, *i.e.*, 5 to 10 years, and 4 to 8 years.

County.   We conclude that PJ Butts' comprehensive opinion accurately disposes of the issues presented by Appellant.  Accordingly, we adopt PJ Butts' opinion as our own and affirm the order denying Appellant's PCRA petition for the reasons set forth therein.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 06/05/2026